Filed
8/15/2017 1:09 PM
Esther Degollado
District Clerk
Webb District
Linda Torres
2017CVA001716D4

CAUSE NO. _____

| | |
|---|---|
| ARTURO PALACIOS | IN THE DISTRICT COURT |
| VS. | \_\_\_\_\_ JUDICIAL DISTRICT |
| C.R. ENGLAND, INC. AND RHONDA HILL | WEBB COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION (WITH DISCOVERY)

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Arturo Palacios files this Plaintiff's Original Petition, complaining of Defendants Rhonda Hill and C R England Inc.. For cause of action, Plaintiff would show the Honorable Court as follows:

### I.

### DISCOVERY CONTROL PLAN

Plaintiff intends to conduct discovery pursuant to a level three discovery control plan.

### II.

### PARTIES

Plaintiff Arturo Palacios is an individual residing in Texas.

Defendant Rhonda Hill resides in Mississippi. Because Ms. Hill is a non-resident motorist, pursuant to Tex. Civ. Prac. & Rem. Code Section 17.061 et seq., she may be served by delivering process to the Chairperson of the Texas Transportation Commission, Tryon D. Lewis, at 125 E. 11th Street, Austin, Texas 78701, who can forward process to 88 Hoy Green Acres CR., Laurel, MS 39443.

Defendant C R England Inc. is a foreign corporation and may be served with citation via its registered agent for service of process, CT Corporation, 1999 Bryan St., Suite 900, Dallas, Texas 75201.


EXHIBIT A

## III.

## VENUE

Venue is proper in Webb County because all or a substantial part of the events or omissions giving rise to this claim occurred in the county. Texas Civ. Prac. & Rem. Code § 15.002(a)(1)

## IV.

## FACTS

Defendant C R England Inc. is a motor carrier licensed by and registered with the Federal Motor Carrier Safety Administration. Defendant hired, qualified, and retained Rhonda Hill as a truck driver. At all times relevant to this lawsuit, Defendant Rhonda Hill was acting in the course and scope of her actual and/or statutory employment with Defendant C R England Inc.

On or about July 14, 2017, Arturo Palacios was involved in a collision with Defendants' vehicle in Laredo, Webb County, Texas. Plaintiff was traveling north on Sara Rd approaching the intersection with Whitepoint Dr., when the tractor trailer operated by Defendant Rhonda Hill, which was traveling west on Whitepoint Dr., failed to yield the right of way and struck Plaintiff's vehicle.

## V.

## CAUSE OF ACTION

Defendant Rhonda Hill was negligent in the operation of the tractor-trailer. Specifically, Defendant Rhonda Hill failed to yield the right of way at an intersection. As a direct and proximate result of this negligence, Plaintiff sustained personal injuries. Defendant C R England Inc. is vicariously liable for the negligence of Defendant Rhonda Hill under the statutory employment doctrine as well as the doctrine of respondeat superior.

Based on the facts of this wreck, it appears that Defendant Rhonda Hill may have been fatigued or driving in violation of the hours-of-service regulations. It further appears that Defendant C R England Inc. may have been negligent in its entrustment of a tractor-trailer to Defendant Rhonda Hill, and in the qualification, hiring, training, supervision, and retention of Defendant Rhonda Hill.

## VI.

## DAMAGES

Plaintiff seeks to recover the following elements of damages, which were proximately caused by Defendant's negligence:

1. Medical care, past and future;

2. Lost wages and earning capacity, past and future;

3. Physical impairment, past and future;

4. Physical pain, emotional distress, and mental anguish, past and future; and

5. Disfigurement, past and future.

Plaintiff also seeks to recover prejudgment interest, post-judgment interest, and court costs. Plaintiff's damages exceed the Court's jurisdictional minimum and exceed $75,001.00. Pursuant to Texas Rule of Civil Procedure 47(c), Plaintiff seeks monetary relief of over $1,000,000.00.

## VII.

## REQUEST FOR DISCLOSURE

Defendant Rhonda Hill is requested to disclose, within 50 days of service of this request, the information or material described in Rule 194.2(a)-(l) of the Texas Rules of Civil Procedure.

Defendant C R England Inc. is requested to disclose, within 50 days of service of this request, the information or material described in Rule 194.2(a)-(l) of the Texas Rules of Civil Procedure.

## VIII.

## INTERROGATORIES TO DEFENDANT RHONDA HILL

Plaintiff, pursuant to Tex. R. Civ. Procedure 196 and 197 propounds the following Interrogatories to Defendant Rhonda Hill. Defendant's response is due within fifty (50) days from the date of service thereof. Plaintiff also requests that Defendant continue to supplement Defendant's responses to these Interrogatories as provided for by the Rules.

Interrogatory 1.   Please state how you contend the collision in question occurred.

RESPONSE:

Interrogatory 2. Please state the positions held, general job descriptions, and lengths of employment of Rhonda Hill at the time of the collision in question.

RESPONSE:

Interrogatory 3. Please state the full extent of any training, education, or experience concerning driving techniques or principles Rhonda Hill has received.

RESPONSE:

Interrogatory 4. Was Rhonda Hill acting in the course and scope of his employment with C R England Inc. at the time of the collision made the basis of this lawsuit? If you are contending that Rhonda Hill was not acting in the course and scope of employment for C R England Inc. at the time of the collision, please state exactly why you are making such contention.

RESPONSE:

Interrogatory 5. If the vehicle driven by Rhonda Hill that was involved in the collision in question was not owned by you, please state the vehicle owner's name, address and telephone number.

RESPONSE:

Interrogatory 6. Please list all traffic accidents in which Rhonda Hill has been involved, including the location, city, county, state and any violations for which he was cited in connection with any traffic accidents.

RESPONSE:

Interrogatory 7. Please give a description of all traffic violations for which Rhonda Hill has been cited, including the date, city, county, state, offense alleged and ultimate disposition of such citation.

RESPONSE:

Interrogatory 8 With respect to collisions or accidents involving one of C R England Inc.'s vehicles and/or a driver employed by you or under contract with C R England Inc., please state:

a. When the driver is required to make a report and to whom;
b. A description of any written report required to be made by any person with C R England Inc. and/or the driver;
c. Where and in whose custody such reports are kept;
d. When a driver must submit for a drug test by giving a urine sample; and
e. When such report must be reported to the federal government.

RESPONSE:

Interrogatory 9. Did Rhonda Hill receive any citations or tickets as a result of the collision in question? If so, what was the outcome? If Rhonda Hill paid the ticket, did Rhonda Hill plead guilty? What court did Rhonda Hill have to appear in or call to resolve the citation or ticket?

RESPONSE:

Interrogatory 10.   Do you contend that someone other than Rhonda Hill (including but not limited to Plaintiff) did or failed to do something that contributed to the wreck made the basis of this lawsuit? If so, please state what you claim that person did or failed to do, or how the action or inaction caused or contributed to the wreck.

RESPONSE:

Interrogatory 11.   Please state the date on which you first subjectively believed that there was a substantial chance that litigation would arise from the wreck made the basis of this lawsuit? What facts gave rise to your subjective relief?

RESPONSE:

Interrogatory 12:   What does C R England Inc. do to review drivers' logs to determine whether they are accurate and whether they comply with the hours-of-service regulations? If C R England Inc. uses any type of computer program or third-party service to audit logs, please identify the program or service.

RESPONSE:

Interrogatory 13:   Does C R England Inc. use any type of GPS system or other computerized device (such as OmniTRACS, Qualcomm or XATA) to monitor the movements and/or speed of its tractors and/or trailers? If so, please describe the system or device, including its name, what data is generated, where the data is stored, and how long the data is retained.

RESPONSE:

Interrogatory 14:   For any cell phone used by or issued to Rhonda Hill during the time period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck, please identify the cell phone carrier and the cell phone number.

RESPONSE:

## IX.

## INTERROGATORIES TO DEFENDANT C R ENGLAND INC.

Plaintiff, pursuant to Tex. R. Civ. Procedure 196 and 197 propounds the following Interrogatories to Defendant C R England Inc.. Defendant's response is due within fifty (50) days from the date of service thereof. Plaintiff also requests that Defendant continue to supplement its responses to these Interrogatories as provided for by the Rules.

Interrogatory 1.   Please state how you contend the collision in question occurred.

RESPONSE:

Interrogatory 2.   Please state the positions held, general job descriptions, and lengths of

RESPONSE: employment of Rhonda Hill at the time of the collision in question.

Interrogatory 3. Please state the full extent of any training, education, or experience concerning driving techniques or principles Rhonda Hill has received.

RESPONSE:

Interrogatory 4. Was Rhonda Hill acting in the course and scope of his employment with C R England Inc. at the time of the collision made the basis of this lawsuit? If you are contending that Rhonda Hill was not acting in the course and scope of employment for C R England Inc. at the time of the collision, please state exactly why you are making such contention.

RESPONSE:

Interrogatory 5. If the vehicle driven by Rhonda Hill that was involved in the collision in question was not owned by you, please state the vehicle owner's name, address and telephone number.

RESPONSE:

Interrogatory 6. Please list all traffic accidents in which Rhonda Hill has been involved, including the location, city, county, state and any violations for which he was cited in connection with any traffic accidents.

RESPONSE:

Interrogatory 7. Please give a description of all traffic violations for which Rhonda Hill has been cited, including the date, city, county, state, offense alleged and ultimate disposition of such citation.

RESPONSE:

Interrogatory 8 With respect to collisions or accidents involving one of C R England Inc.'s vehicles and/or a driver employed by you or under contract with C R England Inc., please state:

a. When the driver is required to make a report and to whom;
b. A description of any written report required to be made by any person with C R England Inc. and/or the driver;
c. Where and in whose custody such reports are kept;
d. When a driver must submit for a drug test by giving a urine sample; and
e. When such report must be reported to the federal government.

RESPONSE:

Interrogatory 9. Did Rhonda Hill receive any citations or tickets as a result of the collision in question? If so, what was the outcome? If Rhonda Hill paid the ticket, did Rhonda Hill plead guilty? What court did Rhonda Hill have to appear in or call to resolve the citation or ticket?

RESPONSE:

RESPONSE:

2. Any and all photographs, videotapes, or other depictions of any vehicle involved in the collision in question.

   RESPONSE:

3. Any and all photographs of the scene of the collision in question.

   RESPONSE:

4. Any and all photographs that you intend to use at trial.

   RESPONSE:

5. Any and all photographs, videotapes or other depictions of Plaintiff.

   RESPONSE:

6. Any and all photographs, videotapes or other depictions of Rhonda Hill.

   RESPONSE:

7. Any and all witness statements.

   RESPONSE:

8. Any and all statements from Plaintiff.

   RESPONSE:

9. Any and all statements from any Defendant, Defendant's agents or employees relating to the incident in question.

   RESPONSE:

10. Any and all documents related to Rhonda Hill's employment with C R England Inc..

    RESPONSE:

11. Any and all documents related to the maintenance, repair, acquisition, loads, operation or travel of the vehicle involved in the collision in question. These documents should include, but are not limited to, trip sheets, fuel receipts, work orders, bills of lading, maintenance records, operations manuals, vehicle condition reports and other documents obtained regarding the vehicle.

    RESPONSE:

12. Produce any and all documents regarding any unemployment claim, worker's compensation claim or any other type of claim filed by Rhonda Hill relating to his employment with C R England Inc..

    RESPONSE:

13. Any and all pictures, drawings, photographs or videotapes in your possession or subject to your control that are relevant and material to this cause of action, including but not limited to those showing the Plaintiffs, those showing any of the vehicles, or any part of the vehicles, involved in the collision in question, or those showing the location of such collision.

    RESPONSE:

14. Any information relating to any conviction to be used for impeachment purposes against any party, witness, and/or person with knowledge of facts named in discovery information provided to you before trial. Please include the name of the person convicted, the offense for which he or she was convicted, the year of such conviction, the court of such conviction and the sentence involved.

    RESPONSE:

15. Any written, taped or mechanically reproduced statement heretofore made of Plaintiff, Defendants, and/or Defendants' agents or employees.

    RESPONSE:

16. Any records or documentation (medical or non-medical) concerning Rhonda Hill that would indicate whether Rhonda Hill was using alcohol and/or drugs (including prescription or nonprescription, legal or illegal drugs) within forty-eight (48) hours prior to the collision in question.

    RESPONSE:

17. Any records or documentation (medical or non-medical) concerning Rhonda Hill that would indicate that he had alcohol and/or drugs (including prescription or nonprescription, legal or illegal), or metabolites of alcohol and/or drugs (including prescription or nonprescription, legal or illegal) in the bloodstream or urine at the time of or the time following the collision in question.

    RESPONSE:

18. Any records or documentation (medical or non-medical) that would indicate that Rhonda Hill was a regular user of any illegal substance(s) within one (1) year preceding the collision in question.

    RESPONSE:

19. A photostatic copy of the front and back of Rhonda Hill's current driver's license and any commercial license.

    RESPONSE:

20. A copy of any company vehicle use records for the one hundred eighty (180) days preceding and including the date of the collision in question.

    RESPONSE:

21. Any documentation concerning Rhonda Hill involving disciplinary actions, demerits, reprimands or incidents indicating less than satisfactory job performance.

RESPONSE:

22. All manuals, instructions, guidelines, directives, or memoranda concerning the performance or execution of the position held by Rhonda Hill at the time of the collision in question.

    RESPONSE:

23. All records, notes, files, memoranda, or other similar documentation indicating an awareness on your part that Rhonda Hill was an unsafe driver.

    RESPONSE:

24. All documents relating to reservation of rights or denial of coverage on the part of any insurance carrier for any of the named defendants with respect to this claim.

    RESPONSE:

25. If you contend that you had a good faith belief to reasonably anticipate that there was a substantial chance that litigation would ensue on behalf of Plaintiff prior to the date you received notice of this lawsuit, please produce all correspondence, memoranda, statements, tape recordings, transcripts of tape recordings, wire reports, investigation reports, close-out reports, summaries or any other documents, as well as any other tangible things that you contend showed an outward manifestation that would indicate that there was a substantial chance that litigation would ensue.

    RESPONSE:

26. Any reports, memoranda, documents or materials of any type which specifically indicate a date or occurrence on which you rely for any contention that you had a good faith belief to reasonably anticipate that there was a substantial chance that litigation would ensue concerning any injury or damages claimed on behalf of Plaintiff.

    RESPONSE:

27. Any insurance policies that provide, or may provide, coverage for the collision in question.

    RESPONSE:

28. Any reservation of rights letters or non-waiver agreements.

    RESPONSE:

29. Any cell phone bills that would show whether or not Rhonda Hill was using a cell phone on the date of the wreck. This request includes, but is not limited to, cell phone bills for the day of the wreck.

    RESPONSE:

30. All cell phone bills and records for any cell phone used by Rhonda Hill for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

    RESPONSE:

31. Provide all GPS and other electronic data and records, including but not limited to all Qualcomm Satellite Communication tracking information showing the location of the truck in the incident at issue in this lawsuit for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

    RESPONSE:

32. All expense receipts and reports submitted by Rhonda Hill for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

    RESPONSE:

33. All incident reports generated by Rhonda Hill or C R England Inc. regarding the collision at issue in this lawsuit.

    RESPONSE:

34. If, during the time period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck, Rhonda Hill drove a truck and/or trailer different than the ones at issue in this lawsuit, provide all GPS and other electronic data and records, including but not limited to all Qualcomm Satellite Communication and OmniTRACS tracking information showing the location of the truck and trailer driven by Rhonda Hill for that time period.

    RESPONSE:

35. Rhonda Hill's log books for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

    RESPONSE:

36. C R England Inc.'s complete driver qualification file on Rhonda Hill.

    RESPONSE:

37. All personnel files, accident files, and other files and documents that C R England Inc. maintains or possesses regarding Rhonda Hill.

    RESPONSE:

38. All fuel receipts, bills of lading, weigh tickets, and toll receipts for any vehicle operated by Rhonda Hill during the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

    RESPONSE:

39. All Qualcomm records and data regarding any vehicle operated by Rhonda Hill, and any communications to and from Rhonda Hill, for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

    RESPONSE:

40. All documents and data that shows the speed, location, ignition status, brake status, acceleration, deceleration, sudden stops, and other information regarding any vehicle

operated by Rhonda Hill during the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck. The scope of this request includes, but is not limited to, "black box" data, crash data recorders, OmniTRACS data, Qualcomm data, GPS data, XATA data, JETT-Track, DriveOk, FleetMatics, Fleet Management Solutions, Fleetilla, Shadow Tracker, Trimble, and any other data source.

RESPONSE:

41. All monthly log summary sheets for Rhonda Hill for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

RESPONSE:

42. All notice of logging violations for Rhonda Hill for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

RESPONSE:

43. The accident register for C R England Inc..

RESPONSE:

44. All safety performance history records regarding Rhonda Hill.

RESPONSE:

45. All driver's vehicle inspection reports completed by Rhonda Hill for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

RESPONSE:

46. All pretrip check lists completed by Rhonda Hill for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

RESPONSE:

47. The vehicle accident kit issued to Rhonda Hill.

RESPONSE:

48. An exemplar blank vehicle accident kit used by C R England Inc..

RESPONSE:

49. All dispatch and trip reports regarding any vehicle operated by Rhonda Hill for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

RESPONSE:

50. All trip cost report envelopes for any vehicle operated by Rhonda Hill for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

RESPONSE:

51. All OmniTRACS data regarding any vehicle operated by Rhonda Hill for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

    RESPONSE:

52. Copies of all documents obtained by deposition on written question or subpoena.

    RESPONSE:

53. All documents regarding any audits or examinations performed of C R England Inc. by any state or federal agency, including but not limited to any state department of transportation, any state department of motor vehicle, the U.S. Department of Transportation, and the Federal Motor Carrier Safety Administration.

    RESPONSE:

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that citation be issued and Defendants be served, and upon trial on the merits the Court enter judgment for Plaintiff and against Defendants, jointly and severally, for actual damages, together with prejudgment interest, postjudgment interest, and court costs.

Respectfully submitted,

*/s/ Victor Cerda*
Victor Cerda
Texas Bar No. 04047050
Michael R. Cowen
Texas Bar No. 00795306
COWEN | MASK | BLANCHARD
6243 IH 10 West Ste 801
San Antonio, Texas 78201
Telephone: (210) 941-1301
Facsimile: (956) 504-3674
Email: efilings@cmbtrial.com